IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AGM PAINTING, LLC,

    Plaintiff,

    v.                          Case No. 19-2242-KHV

THE SHERWIN-WILLIAMS COMPANY,

    Defendant.

**ORDER TO SHOW CAUSE**

Plaintiff initially filed this breach of contract case in the District Court of Johnson County, Kansas, related to a dispute with defendant over a painting project.[1] Defendant removed the case to the District of Kansas on May 20, 2019.[2] The notice of removal alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[3] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists. To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where its incorporated and

---

[1] ECF No. 1.

[2] *Id.*

[3] *Id.*

1

the state where its principal place of business is located.[4]  And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[5]  The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[6]  It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[7]

Here, the petition, attached as an exhibit to the notice of removal, indicates that plaintiff is incorporated in Kansas.[8]  However, it is silent as to the identity and citizenship of the individual members of the limited liability company.  Similarly, the petition indicates that defendant is an Ohio corporation, and, while it notes a "principal office" in Ohio, it is unclear whether that is the principal place of business.[9]  Thus, the allegations fail to

---

[4] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[5] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[6] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[7] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[8] ECF No. 1-1.

[9] *Id.*

establish citizenship for diversity jurisdiction purposes.

IT IS THEREFORE ORDERED that by **June 25, 2019,** the parties shall file a joint status report, with affidavits attached, demonstrating the citizenship of each of the parties and showing cause why this case should not be dismissed for lack of jurisdiction.

Dated June 11, 2019, at Kansas City, Kansas.

<pre>
 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
</pre>